IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER ERIC GAVAZZA,

      Plaintiff,

vs.                                                                     No. CIV 14-0586 JB/CEG

DETENTION CENTER,
CHAVEZ COUNTY MEDICAL,
DOC. SUSAN, NURSE ASHLY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on the Prisoner's Civil Rights Complaint, filed June 23, 2014 (Doc. 1)("Complaint"). Plaintiff Christopher Eric Gavazza is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, the Court will dismiss certain of Gavazza's claims.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2). The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing Gavazza's pro se Complaint, the Court applies

the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations.  See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint names as the Defendants two entities and two individuals.  See Complaint at 1.  Gavazza alleges that he suffers from serious psychological problems and severe back pain.  See Complaint at 4.  He alleges that the individual Defendants have denied him necessary medical treatment for his conditions.  See Complaint at 4, 16.  The Complaint contends that the Defendants' actions have amounted to malpractice and have violated Gavazza's constitutional protection against cruel and unusual punishment.  See Complaint at 4.  Gavazza asks for an order transferring him to a "proper jail [with] proper medical care," revoking the individual Defendants' medical licenses, and awarding him damages.  Complaint at 17.  Defendant Susan Caley, R.N., incorrectly identified in the Complaint as "Doc. Susan," has answered the Complaint.  Defendant "Doctor Susan's" Answer to Prisoner's Civil Rights Complaint, filed November 7, 2014 (Doc. 7).

No relief is available on Gavazza's claims against Defendants Detention Center and Chavez County Medical.  First, "[d]ismissal against [Defendant Detention Center is] . . . required because a detention facility is not a person or legally created entity capable of being sued."  Aston v. Cunningham, No. 99-4156, 2000 WL 796086, at *4 n. 3 (10th Cir. June 21, 2000).  Second, Gavazza's allegations of denial of medical treatment do not support claims against Chavez County Medical.  "[L]ocal government departments have no greater separate identity from cities than do their officials when they are acting in their official capacities."  Stump v. Gates, 777 F. Supp. 808, 816 (D. Colo. 1991)(citing Brandon v. Holt, 469 U.S. 464, 472 & n.21 (1985), aff'd, No. 92-1134, 1993 WL 33875, at *3 (10th Cir. Feb. 11, 1993)).  For purposes of this order, therefore, the Court

construes Gavazza's claims against Chavez County Medical as directed at Chavez County itself. See Brandon v. Holt, 469 U.S. at 472 & n.21.

Gavazza makes no factual allegations against the County, however; thus, under the rules governing municipal liability in cases brought under § 1983, the Complaint fails to state a claim against Chavez County. "[F]or § 1983 liability against [a] county, plaintiff must allege a constitutional violation by an employee and that municipal policy or custom was [the] moving force." Martinez v. Montrose Sheriff's Dep't, 12 F. App'x 837, 838 (10th Cir. 2001)(unpublished)(citing Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs, 151 F.3d 1313, 1318 (10th Cir. 1998)). The Complaint alleges no such policy or custom, and the Court will dismiss Gavazza's claims against the Detention Center and Chavez County Medical.

**IT IS ORDERED** that Plaintiff Christopher Eric Gavazza's claims against Defendants Detention Center and Chavez County Medical are dismissed, and the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint, for Defendant Nurse Ashly.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Christopher Eric Gavazza
Chavez County Detention Center
Roswell, New Mexico

    *Plaintiff pro se*

Mary M. Behm
Michelle Lalley Blake
Keleher & McLeod, PA
Albuquerque, New Mexico

    *Attorneys for Defendant Susan Caley*